# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO OCTAVIO RODRIGUEZ-AGUIRRE,<br><br>   Petitioner/Defendant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent/Plaintiff. | CASE NO.<br>09cr1606-LAB/11cv2027-LAB<br><br>**ORDER DENYING MOTION REDUCTION OF SENTENCE, PURSUANT TO 28 U.S.C. § 2255** |

After Petitioner Raymondo Octavio Rodriguez-Aguirre pleaded guilty to one count of importing marijuana, the Court sentenced him to 70 months in prison. Judgment was entered on October 2, 2009, and three days later he appealed the sentence. The Ninth Circuit denied the appeal and affirmed the sentence, and the mandate was spread on December 13, 2010. Then on September 1, 2011, Rodriguez-Aguirre filed a motion pursuant to 28 U.S.C. § 2255.

The petition claims Rodriguez-Aguirre never appealed because he didn't have the money to file an appeal. It also states his attorney never filed an appeal either. This is obviously wrong, though. Rodriguez-Aguirre's attorney filed an appeal on his behalf, raising most of the issues he now seeks to raise. Because the Ninth Circuit has already adjudicated

/ / /

these claims, they are barred by *res judicata*. And, in any event, this Court cannot overrule the Ninth Circuit's decision.

Only two issues were not adjudicated on appeal. First, Rodriguez-Aguirre claims his plea agreement promised that his offense level was 22 points, and that he would be sentenced to 41 to 51 months. He claims he was surprised to find out that wasn't true, and blames his counsel for misleading him. These alleged errors form the basis for his ineffective assistance of counsel claim.

The transcript of the change of plea hearing before Magistrate Judge Louisa Porter was filed in the docket (Docket no. 27), and shows Rodriguez-Aguirre's representations in his Petition are inaccurate. At the hearing, he was advised that the sentencing guidelines were advisory and not binding on the Court, and that the Court could vary from those recommendations and sentence Rodriguez-Aguirre up to the maximum term of life in prison, and said he understood what Judge Porter had told him. (*Id*. at 4:2–10, 5:7–12, 5:23–6:5.) Judge Porter also found that Rodriguez-Aguirre's guilty plea was both knowing and voluntary. (*Id*. at 12:14–15.) Rodriguez-Aguirre therefore was not misled by his attorney into believing that the Court was required to sentence him to no more than 51 months in prison, as he now claims.

Rodriguez-Aguirre also claims the government breached its plea agreement by recommending a higher offense level than mentioned in the plea agreement. Unfortunately for him, the government's sentencing memorandum is also filed in the docket (Docket no. 19), and again belies his argument. It shows that the government advocated for an adjusted offense level of 22, corresponding to a sentence of 41 to 51 months, and the government recommended 41 months. (*Id.* at 1.) This corresponds exactly with what Rodriguez-Aguirre now argues he should have gotten. The government therefore did not breach its plea agreement.

Finally, Rodriguez-Aguirre raises the argument that his equal protection rights were violated because, as a non-citizen, he cannot take advantage of community-based drug treatment programs that could lessen his sentence. This claim has been rejected by the

1  Ninth Circuit. *See United States v. Arias-Casillas*, 2012 WL 2191565, slip op. at *2 (S.D.Cal.,
2  June 14, 2012) (citing *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999) and *United States
3  v. Alvarez-Cardenas*, 902 F.2d 734,737 (9th Cir. 1990)).
4      For these reasons, the petition is **DENIED**.

6      **IT IS SO ORDERED**.
7  DATED:  10-4-12

                                                                                       **HONORABLE LARRY ALAN BURNS**
                                                                                       United States District Judge